UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-02849

**T.R.O., a minor by and through his mother and next friend, Yarianna Ozuna-Padron,**
*Plaintiff,*
v.
**U.S. Department of Homeland Security, et al.,**
*Defendants.*

# ORDER

Plaintiff requested leave to proceed in this action under his initials, to sue through his mother as next friend under Fed. R. Civ. P. 17(c), and to permit his filing of exhibits with his name, birth date, and alien registration number redacted (and to seal the exhibit where that information is not redacted). *See* ECF Nos. 2, 4. Both motions are granted.

## I. Redaction of identifying information is proper here.

Court records belong to the public. The Court "heavily disfavor[s] sealing information placed in the judicial record" and discourages such requests. *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519–20 (5th Cir. 2022). There is a presumption in favor of the public's access to judicial records. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021). When deciding whether to seal a document, the Court "must undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Id.* at 419 (internal quotation marks and citation omitted).

Plaintiff presented good reason for the unredacted exhibits to be sealed, and for redacted versions to be on the public docket. Each of the exhibits at issue contains a child's sensitive personal information, including date of birth and alien number—information which is not dispositive of the end-stage adjudication of this mandamus action. *See Binh Hoa Le*, 990 F.3d at 420 (noting that a sealing a critical document in a dispositive motion was "most disquieting"); FED. R. CIV. P. 5.2(a) (commanding that the name of a minor and all but the last four digits of a social-security number be redacted unless the Court orders otherwise). While Rule 5.2(a) does not expressly include alien number, it is undisputable that "it is a unique government identifier tied to Plaintiff's immigration file[.]" ECF No. 2 at 5. Redacting only the identifying information of the minor child (name, date of birth, alien number) narrowly tailors the relief such that the public's right of access is respected despite the "presumption of openness" being partially rebutted by compelling countervailing interests. *Binh Hoa Le*, 990 F.3d at 421.

Plaintiff's motion for leave to file Exhibit 2 of ECF No. 4 under seal is granted.

## II. Ozuna-Padron has next-friend standing on behalf of her young child.

In addition, next-friend standing is "by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). The next friend must provide evidence of "at least two firmly rooted prerequisites" "to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 163–64.

*First*, the next friend must furnish the Court with "an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest

cannot appear on his own behalf to prosecute the action." *Id.* at 163. *Second*, the next friend must establish that he is "truly dedicated" to the best interests of Plaintiff, which may require establishing "some significant relationship" with Plaintiff. *Id.* at 163–64.

Ozuna-Padron has demonstrated both here. She is the mother of T.R.O., a minor child born in 2021, undoubtedly a "significant relationship." And under Rule 17(c)(2), "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." FED. R. CIV. P. 17(c)(2). Ozuna-Padron is correct to point out that Plaintiff is unable to litigate on his own behalf as a child under the age of six. And Ozuna-Padron, as Plaintiff's mother, lives with him and filed his Cuban Adjustment Act application on his behalf—and is a respondent in the same removal proceedings before the immigration court. ECF No. 2 at 4–5. She goes further and explains that "[h]er interest in obtaining a decision on his application is identical to his." *Id.* at 5.

The Court agrees. Ozuna-Padron has next-friend standing to bring suit on behalf of Plaintiff.

**III. Plaintiff may proceed under a pseudonym.**

In general, "disclosure is generally favored" in court proceedings. *W.M.M. v. Trump*, 187 F.4th 699, 704 (5th Cir. 2026) (en banc). Indeed, the "strong presumption against party pseudonymity is generally well settled." *Id.* (citation omitted). The Fifth Circuit has recognized "three factors common to anonymous-party suits": "(1) whether the plaintiff is challenging governmental activity; (2) whether the plaintiff will be required to disclose information of the utmost intimacy; and (3) whether the plaintiff will be compelled to admit his intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.* at 704–05 (cleaned up). These factors are

not a "hard and fast formula for ascertaining whether a party may sue anonymously." *Id.* at 705 (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. Unit A 1981)).

The presumption of disclosure "can give way in appropriate circumstances." *Id.* at 704 (citing *S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979)). Here, overcoming the strong presumption of pseudonymity, is the fact that Plaintiff is a minor child, a factor weighing heavily in favor of anonymity. *See Stegall*, 653 F.2d at 186 (emphasizing "the special status and vulnerability of [] child-litigants"). And the Federal Rules also contemplate and set the norm for minors as redaction of names, birth dates, identification numbers. FED. R. CIV. P. 5.2(a).

Plaintiff's request for the use of initials for Plaintiff is granted.

## CONCLUSION

Plaintiff's motion for leave to file sealed documents and motion to proceed under pseudonym and through next friend are GRANTED. ECF Nos. 2, 4. The clerk's office shall file Exhibit 2 to ECF No. 4, ECF No. 4-3, under seal. In addition, the Court finds that Ozuna-Padron may proceed as next-friend of Plaintiff, and that Plaintiff may proceed under the pseudonym "T.R.O."

*So ordered by the Court on October 16, 2026.*

ANDREW DAVIS
United States District Judge